IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM MILLS, § | | |
|     Petitioner, § | | |
| § | | |
| V. § | A-09-CA-120-JN | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Director, Texas Dept. of Criminal Justice- § | | |
| Correctional Institutions § | | |
| Division, § | | |
|     Respondent. § | | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable James R. Nowlin, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 2); Respondent's Answer (Document 9); and Petitioner's response (Document 10). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 198th District Court of Kimble County, Texas, in cause number

338 styled The State of Texas v. William Mills. On July 30, 1985, Petitioner pleaded guilty to the felony offense of aggravated sexual assault of a child and was sentenced to 99 years imprisonment. Petitioner does not challenge his holding conviction. Rather, Petitioner challenges the denial of parole.

The records reflect on August 29, 2007, the Texas Board of Pardons and Paroles denied Petitioner's release to parole. On October 8, 2008, Petitioner challenged the denial in a state application for habeas corpus relief. On January 14, 2009, the Texas Court of Criminal Appeals denied the application without written order. Ex parte Mills, Appl. No. 18,994-03.

**B.      Petitioner's Grounds for Relief**

Petitioner argues the Board violated the ex post facto clause by applying a new review procedure to his case that was not in effect at the time he committed his crime. Specifically, Petitioner complains about the application of Texas Government Code Section 508.046 and Board of Pardons and Paroles Directive 04-06.02.

**C.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## II.   DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner was denied parole on August 29, 2007. The factual predicate of Petitioner's claim could have been discovered through the exercise of due diligence at the time parole was denied. In fact, Petitioner admits the limitations period began on August 29, 2007. See Pet. Memo at 2. Therefore, Petitioner had until August 29, 2008, to timely file his federal application for habeas corpus relief. Petitioner did not execute his federal application until February 10, 2009, after the limitations period had expired. Petitioner's state application for habeas corpus relief did not operate to toll the limitations period, because it was filed after the limitations period had already expired.

3

See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (explaining that state habeas petition filed after AEDPA limitations period does not toll limitations period).

Petitioner argues the time during which his request for a special parole review was pending tolls the limitations period. See Pet. Memo at 2 and Pet. Objection to Resp. Answer at 2-4. However, the Fifth Circuit recently held that requests for special review do not toll the limitations period, because Texas courts do not require a petitioner to seek special review to exhaust his state court remedies. Wion v. Quarterman, ___ F.3d ___, 2009 WL 1139285 (5th Cir. 2009).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of June, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE